# WINTER SESSIONS,

## 1902.

———•———

WILLIAM H. NEAL, Administrator of HARRY NEAL, deceased, *vs.* THE WILMINGTON AND NEW CASTLE ELECTRIC RAILWAY COMPANY.

*Case—Personal Injury—Electric Wire—Public Highway—Negligence—Contributory Negligence—Railway—Administrator—Damages for Death.*

1. Contributory negligence, like other negligence, cannot be assumed, It must be proved to to the satisfaction of the jury to have existed, in order to exempt the defendant from liability on that ground.

2. A railway company is bound, under the law, to operate and manage its road and property with ordinary care and diligence. But the terms ordinary care and diligence must be understood to import all the care, prudence and diligence which the peculiar circumstances of the case, the conditions existing and the instruments employed, reasonably require; and such as a reasonably prudent and careful man would exercise under the circumstances. The care and prudence required will be increased or diminished according as the ordinary liability to danger and accident, and to do injury to others, is increased or diminished in the operation and use of the railway.

3. When an electric wire has fallen from its position and is lying in or along the public highway in a dangerous position, it is the duty of the company to exercise reasonable care and diligence in removing the wire from such dangerous position; and reasonable care and diligence in such case would be such as a reasonably prudent and careful man would exercise under the circumstances, considering the dangerous character of the wire, the conditions existing and all the surrounding circumstances.

4. The person injured was also bound to use ordinary care, prudence and diligence to avoid the accident which occurred to him; and the care and diligence he was bound to use was in proportion to the danger to be avoided.

5. A traveler on the public highway has a right to assume that the same is in a reasonably safe and passable condition. And while it is not his duty to be searching for obstructions or dangers, nevertheless the law imposes upon him the duty to employ his natural and ordinary senses, and to use all reasonable care and caution, to avoid danger.

6.  If the negligence of the defendant was the proximate cause of the death or injury, it is immaterial that the negligence of some third person may have in some way contributed to the accident.

7.  Where the action is by the administrator, the damages for the death of the deceased is such a sum as the deceased would probably have earned in his business during life, and left as his estate, taking into consideration the age of the deceased, his ability and disposition to labor, and habits of living and expenditures. In ascertaining this the jury should be governed by the reasonable rules governing human experience in the acquisition and retention of property, under the circumstances and environments of such a life.

*(February 13, 1902.)*

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*William S. Hilles, Robert H. Richards* and *David J. Reinhardt* for plaintiff.

*James W. Ponder* and *Charles M. Curtis* for defendant.

Superior Court, New Castle County, February Term, 1902.

ACTION ON THE CASE (No. 52, February Term, 1901).

PENNEWILL, J., charging the jury :

Gentlemen of the jury:—In this case the plaintiff, William H. Neal, administrator of Harry Neal, deceased, seeks to recover from the defendant, the Wilmington and New Castle Electric Railway Company, damages for the death of said Harry Neal; which death was caused, the plaintiff alleges, by the negligence of the defendant company.

It is averred by the plaintiff that a guy wire that was connected with and formed a part of the defendant's railway, and which served to hold the main trolley wire in position, was on the morning of November 26, 1900, found to be broken and lying in or along the public highway at Guthrie's switch; that said guy wire had come in contact with a live wire and was charged with

NEAL'S ADMR. vs. W. & N. C. E. RY.     469

CHARGE.

electricity, and that although a motorman of one of the defendant's cars had notice early in the morning of that day of the condition of the wire, the defendant negligently permitted the same to remain for several hours in the highway in such manner and position that the said Harry Neal, while lawfully walking in or along the highway at said switch, came in contact with the wire and was killed thereby; and that he, the said Harry Neal, was at the time of the accident free from any contributory negligence. Such is the contention of the plaintiff.

The defendant company contends that it was not guilty of any negligence that was the proximate cause of the accident; that as soon as possible after notice, and before the accident to Harry Neal, a servant of the company removed the wire from the road and pathway, across the briars and bushes, and into a ditch, so that it was no longer in a dangerous position, and that it, the said company, exercised all the care and prudence that was required under the law, or that was demanded for the safety of the public. The defendant further contends that the accident was caused by the contributory negligence of the said Harry Neal, who, it claims, was playing, romping and carelessly proceeding in said road; or by the act of some one other than the defendant. The said defendant therefore denies that it is in any way liable for the death of said Neal.

With the facts, gentlemen, that you have heard from the witnesses, the Court has nothing to do. The evidence is for your consideration and determination,—applying thereto the law as we shall declare it to you.

This action is based on negligence, and it is proper that we should explain to you what negligence in legal contemplation is. It has been defined by this Court to be the want of ordinary care, that is, the want of such care as a reasonably prudent and careful man would exercise under like circumstances.

What constitutes negligence is a question of law for the decision of the Court, but whether negligence exists in the particular

case is a question of fact for the determination of the jury. It is therefore for you to determine from the evidence in this case whether there was any negligence on the part of the defendant that caused the death of Harry Neal.

Negligence is never presumed, but must always be proved to the satisfaction of the jury, and the burden of proving it rests upon the plaintiff. The defendant can be held liable only for such negligence as constituted the proximate cause of the injury. And we also say to you that contributory negligence, like all other negligence, cannot be assumed. It must be proved to the satisfaction of the jury to have existed in order to exempt the defendant from liability on that ground.

A railway company is bound under the law to operate and manage its road and property with ordinary care and diligence. But the terms ordinary care and diligence must be understood to import all the care, prudence and diligence which the peculiar circumstances of the case, the conditions existing, and instruments employed, reasonably require; and such as a reasonably prudent and careful man would exercise under like circumstances. The care and prudence required will be increased or diminished according as the ordinary liability to danger and accident, and to do injury to others, is increased or diminished in the operation and use of the railway. Or, as has been said by this Court in another case where the injury was caused by contact with an electric wire, "In such cases the law requires that usual and ordinary care should be used, which in such a business as they operated, required and demanded a degree of care and diligence proportionate to the danger or mischief that was liable to ensue; the words usual and ordinary care mean in such cases nothing more or less, than if there be great danger and hazard in the business, there should be a corresponding degree of skill and attention required by the law."—*Cook vs. The Wilmington City Electric Company, 9 Houst., 306.*

It was the duty of the defendant company to exercise reasonable care and diligence in removing the wire that caused the death

NEAL'S ADMR. vs. W. & N. C. E. RY. 471

CHARGE.

of Harry Neal from its dangerous position, and reasonable care in such case would be such care as a reasonably prudent man would have exercised under the circumstances,—considering the dangerous character of the wire, the conditions existing, and all the surrounding circumstances. It is for you to say whether the defendant did exercise reasonable care under all the circumstances of the case.

But it is also a well settled principle of law, that the person injured was bound to use ordinary care, prudence and diligence to avoid the accident which occurred to him, and the care and diligence which he was bound to exercise was in proportion to the danger to be avoided ; that is to say, he is bound to use such care, prudence and diligence as a reasonably prudent man under the peculiar circumstances of the case would exercise to preserve himself from being injured.

It is admitted that the defendant company was at the time of the accident operating the railway of which the wire that caused the death of Harry Neal formed a part; and it is not denied that the accident occurred in the public highway.

A traveler on such highway has a right to assume that the same is in a reasonably safe and passable condition. And while it is not his duty to be searching for obstructions or dangers, nevertheless the law imposes upon him the duty to employ his natural and his ordinary senses, and use all reasonable care and caution, to avoid danger.

If you shall believe from the evidence that the proximate cause of the death of Neal was the negligence of the defendant, it is immaterial that the negligence of some third person, if any such exists, may have in some way contributed to the accident.

If you believe from the preponderance of the testimony in this case that at the time of the accident the defendant was not exercising ordinary care and prudence, as we have defined those terms to you, and that such negligence was the proximate cause of the death of Harry Neal ; and shall also believe that said Neal

was free from any negligence on his part that contributed to the accident, your verdict should be for the plaintiff. But if you are not so satisfied your verdict should be for the defendant.

If you find in favor of the plaintiff your verdict should be for such a sum as you believe from the evidence the deceased would probably earn in his business during his life, and left as his estate, taking into consideration the age of the deceased, his ability and disposition to labor, and habits of living and expenditures. In this the jury should be governed by the reasonable rules governing human experience in the acquisition and retention of property, under the circumstances and environments surrounding such a life.

Verdict for plaintiff for $450.