WILLIAM F. HEINEL *vs.* PEOPLES RAILWAY COMPANY, a corporation of the State of Delaware.

*Case—Personal Injuries—Negligence—Person Standing on or near the Railway Track—Position of Danger—Duty of Motorman—Intoxication of Person Injured; How Considered by the Jury.*

1.   In an action against a railway company for damages for personal injuries the plaintiff would be entitled to recover notwithstanding there had been negligence on his part, if it was the negligence of the defendant alone that was the proximate and immediate cause of the injury; if, in other words, notwithstanding any previous negligence of the plaintiff, the company could have prevented the accident by ordinary and reasonable care.

2.   If the plaintiff moved from a position of safety, to a position of danger near or upon the track so suddenly as to make it impossible for the motorman to stop the car before the collision, the defendant could not be held liable for the resultant injury; but, if the motorman saw, or by the exercise of reasonable care could have seen, the plaintiff in a position of danger, standing with his back to the car, in time to stop the car and avoid the accident, it was his duty to do so, and if he failed to do so the company would be liable.

3.   The voluntary intoxication of the person injured may be considered by the jury in determining whether such person at the time of the accident, was taking such care of his safety as would be required of a reasonably prudent man under the circumstances.   To consider this question at all, however, the jury should be satisfied that at the time of the accident the plaintiff was intoxicated, and that by reason of such intoxication he failed to take such reasonable care of his safety as the circumstances required.

(*June* 26, 1907.)

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*Hebert L. Rice* and *Levin Irving Handy* for plaintiff.

*Rorbert H. Richards* for defendant.

Superior Court, New Castle County, May Term, 1907.

ACTION ON THE CASE (No. 176, May Term, 1906),to recover damages for personal injuries alleged to have been received on the twenty-third day of March, 1906, by being run into by one of the cars of the defendant company while the plaintiff was standing by the hind wheel of a furniture wagon which he was helping to load with furniture in front of his residence, No. 213 West Second Street in the City of Wilmington.

See further facts in the charge of the Court.

LORE, C. J., charging the jury:

Gentlemen of the jury:—William F. Heinel the plaintiff complains, that on the twenty-third day of March,1906, he was standing by the hind wheel of a furniture wagon which he was helping to load with furniture,in front of his residence No. 213 West Second Street, between West and Tatnall Streets in this City. That while so standing, conversing with the driver about loading the furniture with his back toward the approaching car from the west, he was negligently run into and thrown down by a trolley car operated by the defendant company. His back and leg were badly bruised and he was internally and otherwise injured. For these injuries he seeks damages in this suit.

He claims that at the time of the accident, the car was negligently operated, was run at an excessive speed, without ringing the bell or sounding the gong, and that the motorman saw him or by the reasonable exercise of his senses could have seen him in time to have stopped the car before the accident.

The defendant denies all these allegations. It claims that the car was being carefully operated at the time of the accident; that the bell was rung, the speed was low, and that the plaintiff without looking stepped immediately in front of the car so suddenly, that it was impossible for the mortorman to stop it before the collision and that the injuries complained of resulted from the negligence of the plaintiff.

This action is based upon the negligence of the defendant company. In order to recover, the burden is upon the plaintiff to show to your satisfaction that his injuries resulted from the negligence of the defendant company as alleged in the declaration

Negligence is never presumed; it must be proved by the party alleging it.

The question for your determination, therefore, is, were these injuries caused by the negligence of the defendant company?

Upon the request of counsel for both sides we will state certain principles of law which are to govern you in reaching your verdict.

West Second Street is a public highway of the City of Wilmington. The defendant had a right to use it for the operation of its railway at the time of the accident, and the plaintiff had the right to use it for loading the furniture wagon. Both the plaintiff and the defendant had a right to use it for all purposes of a public highway. The right of each must be exercised with a regard to the rights of the other, and in a reasonable and careful manner, so as not unreasonably to abridge or interfere with the rights of the other. In such use of the highway, each party has the right to presume that the other will use it as a reasonable person under all the circumstances, until the contrary appears.

In using such highway it was incumbent upon the defendant company to exercise all such care in respect to speed of the car, sounding of the gong, ringing of the bell, slowing up and stopping of the car in the presence of danger as was reasonably demanded by all the surrounding conditions. The Court will not attempt to specify just what particular acts must be done or left undone. In every case they must be such as a due regard for the rights and safety of all other persons lawfully using the highway reasonably demand, and if the company failed to use such reasonable care and injury resulted from such failure alone, the company would be liable

A like duty rested also upon the plaintiff, and if his injuries resulted from his failure to exercise reasonable care, he cannot recover.

If the negligence of the plaintiff entered into the accident at the time of the injuries, he cannot recover, even though the company was also guilty of negligence. In such a case, the plaintiff would be guilty of contributory negligence, and the Court will not attempt to measure how much each party contributed thereto.

The plaintiff would be entitled to recover, however, notwithstanding there had been negligence on his part, if it was the negligence of the defendant alone that was the proximate and immediate cause of the injury; if, in other words, notwithstanding any previous negligence of the plaintiff, the company could have prevented the accident by the use of ordinary and reasonable care. Therefore if the plaintiff had negligently gone upon or near the car track without looking and was so standing there with his back to the car at the time of the accident, yet if the motorman saw or by the reasonable use of his senses could have seen the plaintiff so standing in time to stop the car and avoid the accident, it was his duty to do so, and if he failed to do so the company would be liable.

If, however, the plaintiff moved from a position of safety, to a position of danger near or upon the track of the railway on which the car was running, so suddenly, as to make it impossible for the motorman to stop the car before the collision, the defendant cannot be held liable for the resulting injury to the plaintiff; so if the motorman after he saw, or by the exercise of reasonable care could have seen, the plaintiff in a position of danger, did everything that a reasonably careful and prudent man would do under like circumstances to prevent the accident, the defendant would not be liable.

The voluntary intoxication of the person injured, may be considered by the jury in determining whether such person at the time of the accident, was taking such care of his safety as

will be required by a reasonably prudent man under the circumstances.

To consider this question at all, you should be satisfied from the evidence that at the time of the accident the plaintiff was intoxicated, and that by reason of such intoxication he failed to take such reasonable care of his safety as the circumstances required.

We have been asked by counsel for the defendent to direct you to return a verdict for the defendant. This we decline to do. We think the case is one that should be determined by the jury from a careful consideration of all the evidence.

If your verdict should be for the plaintiff, it should be for such a sum of money as will reasonably compensate him for his injuries; including therein his loss of time and wages, his pain and suffering in the past and such as may come to him in the future, resulting from the accident; and also for any impairment of ability to earn a living in the future resulting therefrom as disclosed by the evidence.

The jury disagreed.