ETTORE GISMONDI, Administrator of ANINA GISMONDI, deceased, *vs.* PEOPLES RAILWAY COMPANY, a corporation existing under the Laws of the State of Delaware.

1. STREET RAILROADS—PERSONS ON TRACK—DEATH—CHILDREN—NEG-LIGENCE—BURDEN OF PROOF.

In an action for the death of a child, struck by a street car, the burden is on plaintiff to establish that the child's death resulted from the defendant's negligence, as alleged in the declaration.

2. NEGLIGENCE—DIFFERENT ACTS—PROOF.

Where evidence is offered to establish different acts of negligence alleged to have caused the injury sued for, the evidence must be sufficient to show to the jury's satisfaction that one of such acts was the proximate cause of the accident.

3. NEGLIGENCE—PRESUMPTION—BURDEN OF PROOF.

Negligence is never presumed merely from the fact that an accident occurred, but must be proved by the party alleging it.

4. NEGLIGENCE—"INEVITABLE ACCIDENT".

An accident which could not be prevented by the exercise of ordinary care and prudence is an "inevitable accident", for which no recovery of damages can be had.

5. STREET RAILROADS—INJURIES TO PEDESTRIANS—CHILDREN—INEVIT-ABLE ACCIDENT.

Where plaintiff's decedent, a child of tender years, moved from a position of safety to a position of danger near or on the railroad track, on which a car was running, so suddenly as to make it impossible for the motorman to stop the car before the accident, or if the motorman, after he saw, or by the exercise of ordinary care could have seen, the child in a position of danger, did everything that a reasonably careful man would do under like circumstances to prevent the accident, the railroad company would not be liable.

6. STREET RAILROADS—PERSONS ON TRACK—DUTY OF RAILROAD COM-PANY.

37

A street railroad company must see that its servants operate its cars at a reasonable speed, that proper warning is given of the approach of a car, and that the speed is slackened, or the car stopped, if necessary, when danger is seen or known in time, to prevent accident.

7. STREET RAILROADS—OPERATION—"ORDINARY CARE AND CAUTION".

A street railroad company is bound to operate its property with "ordinary care and caution"; such term being understood to import all the care and caution which the particular circumstances of the case reasonably require, and such as a reasonably careful man would exercise under like circumstances, the amount of care varying with the ordinary liability to danger and accident and to do injury to others in the operation and use of the railroad.

8. TRIAL—CONFLICTING EVIDENCE—DUTY TO RECONCILE.

Where the evidence is conflicting, the jury should reconcile it, if possible, and, if not, should give credence to that part which they believe most worthy of belief.

9. DEATH—DAMAGES—CHILDREN.

In an action for the death of a child, the measure of damages is the sum which the child would probably have earned during her life, and would have saved from her earnings and left as her estate for the benefit of her next of kin; the jury being governed by the reasonable rules governing human experience in the acquisition and retention of property under the circumstances of such a life as that of the deceased.

*(November* 21, 1911.)

Delaware cases cited; *Heinel v. Peoples Railway Co.,* 6 *Penn.* 431; *Neal's Admr. vs. W. & N. C. E. Ry.,* 3 *Penn.* 467; *Tully's Admr. v. R. R. Co.,* 3 *Penn.* 455.

Judges BOYCE and RICE sitting.

*W. W. Knowles* for plaintiff.

*Robert H. Richards* for defendant.

Superior Court, New Castle County, November Term, 1911.

ACTION ON THE CASE (No. 89, November Term, 1910) by administrator of Anina Gismondi, deceased,—a child two years old—to recover damages for the death of said deceased alleged to have been occasioned by the negligence of the defendant.

(The facts and contentions of the parties appear in the charge of the court.)

RICE, J., charging the jury:

Gentlemen of the jury:—In this action Ettore Gismondi, administrator of Anina Gismondi, deceased, is seeking to recover damages from the Peoples Railway Company, the defendant, for

the death of Anina Gismondi, which he alleges to have been caused by the negligence of the defendant company.

The negligence of the defendant, of which the plaintiff complains, is set forth in the three counts of the plaintiff's declaration. The counts and the acts of negligence therein alleged are in part and in substance:

*First.* That the defendant carelessly and negligently operated and ran one of its cars without ringing a bell, sounding an alarm, or giving any notice of warning of its approach, while the said Anina Gismoni, who was then and there about two years old, and in the exercise of due care, was lawfully crossing the track of the said defendant as aforesaid, and by reason of the premises the said Anina Gismondi was run over and killed.

*Second.* That the defendant carelessly and negligently operated and ran one of its cars at an unreasonable, dangerous, and excessive rate of speed so as to be unable to check its car, or have the same under proper control and management, while the said Anina Gismondi, who was then and there about two years old and in the exercise of due care, was at the time and place lawfully crossing the track of the said defendant, and by reason of such negligence on the part of the defendant the said Anina Gismondi was run over and killed.

And the third count is in substance the same as the other two with the exception that the negligence complained of is that the defendant, at the time and place described in the declaration, "carelessly and negligently propelled and ran one of its cars at a high and dangerous rate of speed without slowing up or slacking the speed of said car, or without attempting to slow up or slacken the speed of said car," and that by reason thereof the said Anina Gismondi was then and there killed.

And in each of said counts it is alleged that the accident complained of happened on the thirty-first day of August, in the year 1910, on West Sixth Street at or near its intersection with Scott Street, in this city, and that the Peoples Railway Company, the defendant, was at that time, and still is, engaged in operating certain lines of street railway in the City of Wilmington, County of New Castle and State of Delaware.

It is admitted that the Peoples Railway Company, the defendant, was operating the car at the time and place in question, and that Anina Gismondi was struck and killed by the car.

The plaintiff claims that about three o'clock on the afternoon of August 31, 1910, the decedent, a two-year old child, was struck, knocked down, run over and killed by a railway car operated by the defendant company; that the child while in the act of crossing the track of the defendant, at a place opposite her late home, at No. 1802 West Sixth Street, which is situate between Scott and Lincoln streets, had stopped about half way between the rails and was stooping over picking up something from the ground; that the car in question, while proceeding in a westerly direction, had reached or was passing over Scott Street on the down grade from Du Pont Street to Lincoln Street; that it approached, reached, and crossed over Scott Street without giving a warning of its approach at a very high rate of speed, estimated between fifteen and twenty-two miles an hour; and that it continued in a westerly direction towards Lincoln Street, without any attempt to slow or slacken its speed, and had proceeded some distance, when the fender of the car struck and knocked the child down, the wheels of the car on the southerly rail passing over her body, the car after the accident going between fifty and eighty feet before it was stopped.

The defendant contends that the car in question was going westerly, at a moderate rate of speed; that as it approached Scott Street, the bell of the car was rung, as a warning, and as it passed over Scott Street the speed of the car was slackened to from four to six miles an hour; that when the car was passing Scott Street Anina Gismondi, the deceased, was standing in the street near the southerly curb; that the car proceeded with a clear track ahead; but as the car approached and was very near a point opposite to where the child was standing, she suddenly started to run diagonally across the street, in the same direction as the car was going, and ran into the running board of the car, and was knocked down, and rolled under the wheels on the southerly side of the car; that the car passed over the child, and it was stopped from eight to twenty-five feet beyond where the accident happened; and it

further contends, that from the time the child started to run across the street, until it ran into the car, the time was so short that it was impossible for the car to be stopped before the accident happened. In other words and in short, the defendant contends that it was an inevitable accident, and that the defendant is not guilty of the negligence charged by the plaintiff.

[1] This action is based upon the negligence of the defendant company. In order to recover, the burden is upon the plaintiff to show to your satisfaction that the death of his intestate resulted from the negligence of the defendant company, as alleged in the declaration. *Heinel v. Peoples Ry. Co.*, 6 *Penn.* 431, 67 *Atl.* 173.

[2] The only negligence alleged in the declaration is that the defendant failed to give timely and suitable warning of the approach of its car; that it operated its car at an excessive rate of speed; and that it failed to slacken the speed of its car before the accident. For the plaintiff to recover in this action it must be shown to your satisfaction that some one or more of the above mentioned acts of negligence were committed by the defendant at the time of the accident, and that the accident was proximately attributable thereto.

[3] Negligence is never presumed merely from the fact that an accident occurred; it must be proved by the party alleging it.

[4] Any accident which could not be prevented by the exercise of ordinary care and prudence is what is called an inevitable accident, and recovery for damages resulting therefrom cannot be had.

[5] If the jury should believe from the evidence that the plaintiff's intestate moved from a position of safety, to a position of danger near or upon the track of the railway on which the car was running, so suddenly, as to make it impossible for the motorman to stop the car before the accident, the defendant cannot be held liable for the injury resulting from the accident; so if the motorman after he saw, or by the exercise of reasonable care could have seen, the child in a position of danger, did everything that a reasonably careful and prudent man would do under like circumstances to prevent the accident, the defendant would not

be liable.   *Heinel v. Peoples Ry. Co.*, 6 *Penn.* 428, 67 *Atl.* 173.

[6]   It is the duty of the defendant to see that its servants operate its cars at a reasonable rate of speed, that proper warning be given of the approach of the car, and that they slacken the speed of the car (or stop it if necessary) when danger is imminent and could, by the exercise of reasonable care, be seen or known in time to prevent accident, and if you believe that the defendant as alleged by the plaintiff, failed in one or more of the above duties and the accident complained of happened as a result of such failure, your verdict should be for the plaintiff.   *Di Prisco v. W. C. Ry.*, 4 *Penn.* 527, 57 *Atl.* 906.

[7]   A railway company is bound under the law to operate and manage its road and property with ordinary care and caution. But the term "ordinary care and caution" must be understood to import all the care and caution which the peculiar circumstances of the case  reasonably require and such as a reasonably prudent and careful man would exercise under like circumstances.   The care and prudence required will be increased  or  diminished according as the ordinary liability to danger and accident, and to do injury to others, is increased or  diminished in  the operation and use of the railway.   *Neal's Adm'r v.  W. & N. C. E. Ry.*, 3 *Penn.* 467, 53  *Atl.* 338.

[8]   The evidence in this case is conflicting and it is your duty to reconcile it if you can, but if you cannot reconcile it, you should give credence to that part which you believe most worthy of belief, and reject that part which you believe to be unworthy.

It is your duty to find a verdict for that party on whose side the evidence preponderates, and by a preponderance of evidence, is meant the weight and value of the evidence, and not merely the number of witnesses called.

[9]   If your verdict should be for the plaintiff, the measure of damages in this case is the sum which the jury may believe from the evidence the deceased would probably have earned during her life, and would have saved from her earnings and left as her estate, and which would have gone to her next of kin.   In determining this sum, the jury should be governed by the reasonable rules governing human experience in the acquisition and reten-

tion of property under the circumstances and environments surrounding such a life as was that of the deceased.  *Neal's Adm'r v. Railway Co.*, 3 *Penn.* 467, 53 *Atl.* 338;  *Tully's Adm'r v. Railroad Co.*, 3 *Penn.* 455, 50 *Atl* 95.

Verdict for plaintiff.