HOWARD W. TAYLOR, Administrator of the estate of Howard C. Taylor, Deceased, *v.* HARLEY O. RIGGIN.

(*May* 26, 1939.)

TERRY, J., sitting.

*James M. Tunnell* (of Tunnell and Tunnell) for plaintiff.

*Isaac D. Short, 2nd,* for defendant.

Superior Court for New Castle County. Summons Case to Sussex County, No. 15, May Term, 1938.

TERRY, J., delivering the opinion of the Court:

■ Under the Delaware statute the administrator may bring an action for the Deceased's wrongful death and the measure of damages constituting the recovery was laid down in the case of *Gismondi v. People's Railway Company,* 2 *Boyce* 577, 83 *A.* 136, 138, as follows:

"The measure of damages * * * is the sum which the jury may believe from the evidence the deceased would probably have earned during [his] life, and would have saved from [his] earnings and left as [his] estate, and which would have gone to [his] next of kin. In determining this sum, the jury should be governed by the reasonable rules governing human experience in the acquisition and retention of property under the circumstances and environments surrounding such a life as was that of the deceased."

The first question to be considered is:

1. That no pecuniary loss was proved; consequently any damages arrived at should be nominal.

■ As far as the element of pecuniary loss is concerned, I am definitely of the opinion that the plaintiff has proved sufficient facts to establish such a loss.

In scrutinizing the holdings of authorities on the question of pecuniary damages in cases such as this, I find that the disposition of the Courts have been, where verdicts have been set aside, not that they were set aside because of the lack of proof of what is termed pecuniary damages, but rather on the broad basis that the verdict was excessive in amount.

█ Compensation for the life that is lost is impossible. The law does not undertake to estimate the sorrows occasioned by the untimely death. Mere compensation for the pecuniary loss to the estate is the only remedy available in the Courts, and in this case we must deal entirely with the uncertainties though possibilities of life. It is fair to assume, however, that the deceased, even though only of the age of six years, would have developed into an average man and that he would have earned an average net income. What that income would have been in the future is difficult to ascertain. The portion of income that the Deceased would have saved and left as his estate lies largely in the field of conjecture. However, under the rulings of our Court, the amount is one for the jury to ascertain, and in this case the jury fixed the amount in the sum of $3625. It may well be doubted whether the accumulations of the average person, independent of inheritance, will amount to that sum.

█ The defendant questioned the fact that the Deceased might not live out the term of his expectancy.

If the position of the defendant be tenable, no damages based upon the expectancy of life could ever be recovered resulting from the death of an infant. In no case could it be certainly affirmed that the Deceased, if he had not met with an injury which caused his death, would not have died the next day from some other cause.

I am of the opinion that a child six years of age with a life span of fifty-one years, as proved herein, may be just

as certain as that an individual twenty-five years old will live out the period of expectancy of life. And I find no legal impropriety in the allowance of pecuniary damages for the death of such a child. Naturally the jury in the estimation of damages must properly regard all of the contingencies which affect the accumulation of an estate.

Being of the opinion that a pecuniary loss has been proved, I now approach the second and last reason as argued by the defendant:

2. That the verdict of the jury in such a case as was here presented, where no pecuniary loss or damage was shown or proved by the plaintiff, was clearly excessive and should be substantially reduced before judgment is rendered thereon.

It must be borne in mind that the Deceased was an infant of the tender age of six years who, by reason of death, had not yet reached that more or less designated span of life where his services were of value to his fellowman. Yet the Deceased had a life expectancy of fifty-one years and was of sound mind and body and an intelligent boy for six years of age.

It must further be noted that the father was regularly employed by a public service company in Sussex County and that he lived with his wife and two children (one being the Deceased) in a house in the town of Laurel and that further the jury had an opportunity to scrutinize and weigh the demeanor, the appearance, and the type of character of the father and mother by observing them on the witness stand and hearing their testimony.

The plaintiff has proved all of the essential facts necessary for the jury to arrive at a verdict, and any additional facts if proved could only assist the jury further regarding

the amount of its award. However, in my opinion, additional facts were not necessary for a recovery.

This Court is asked to set the jury's verdict aside because of its being excessive. The defendant in his argument before the Court and so set out in his brief as filed contends that the Court should arbitrarily set aside the jury's verdict or issue a rule for a remittitur to some nominal amount.

There appear to be two distinct lines of thought in cases of this type. Some Courts seem to infer or imply prejudice, passion, or sympathy or an unfair determination on the part of the jury in arriving at the verdict and broadly state that the conscience of the Court consequently is shocked, and the amount so ascertained must be reduced.

On the other hand, there is a different line of thought, it being that the verdict of the jury should not be disturbed unless it is apparent to the Court that the jury's verdict was based upon prejudice, passion, or sympathy or that the jury did not arrive at its verdict in the proper manner.

 There are numerous cases supporting both lines of thought. However, I am of the opinion that the Court should not disturb the jury's verdict, provided no affirmative facts are established by the defendant that the jury did not follow the instructions of the Court in its deliberations and come to an unbiased and fair conclusion, free of prejudice, passion, or sympathy. To hold otherwise would be casting a reflection upon the honesty of mind or purpose, so to speak, of the trial jury, which occupies a most essential position under our judicial system.

 I agree thoroughly with the theory of Mr. Justice Gary in *Bradley v. Sattler, 54 Ill. App.* 504, 506, wherein he stated:

"What may be in fact the damages here can only be conjectured—in homelier English, guessed at. Under such circumstances

the verdict of the jury, unless the court can say that it was dictated by passion or prejudice, and was not rendered in the exercise of their 'discretion and sound judgment,' should be final."

There has been no attempt on the part of the defendant in this cause to show that the jury acted under passion or sympathy or was prejudiced in any manner nor is there any showing on the part of the defendant that the verdict rendered was not rendered in the exercise of the jury's discretion and sound judgment.

█ Since the conduct or the attitude of the jury in arriving at the verdict has not been attacked and without a showing on the part of the defendant that passion, sympathy, nor prejudice entered into the deliberations of the jury, I cannot bring myself within that scope of reasoning of other Courts that have held verdicts in the amount of $3625 or thereabouts, representing damages for the wrongful death of an infant of the age, health, mind, and intelligence such as the Deceased, should shock the conscience of the Court.

The defendant's motion for the issuance of a rule for a remittitur is denied.

The defendant's motion for a new trial is denied.