SADIE G. LEMMON, widow of Walter J. Lemmon, *vs.* LUKE H. BROADWATER.

1. NEGLIGENCE—BURDEN OF PROOF.
   Negligence is never presumed, and plaintiff must affirmatively show that defendant neglected some duty he owed to deceased.

2. NEGLIGENCE—DEFINITION.
   Negligence is want of ordinary care, or the want of such care as a reasonably prudent and careful person would exercise in similar circumstances.

3. HIGHWAYS—RIGHTS OF AUTOMOBILE DRIVER AND MOTORCYCLIST.
   An automobile driver and motorcyclist have equal rights to lawfully use public highways, and each may assume the other will exercise ordinary care, and not carelessly expose to danger or negligently injure the other.

4.  HIGHWAYS—COLLISION DUE TO TRAVELER ON WRONG SIDE OF ROAD.

Traveler on public highway should proceed on the right hand side, and upon meeting a person traveling on the wrong side may assume that such person will do everything reasonably possible to avoid a collision, and is not himself responsible for any collision if he does all that a reasonably careful person would have done to prevent it.

5.  HIGHWAYS—DUTY OF PERSONS OPERATING MOTOR VEHICLES UPON MEETING.

Persons operating motor vehicles on a public highway upon meeting should turn to the right side of the highway, so that the other vehicle may pass with safety.

6.  HIGHWAYS—VIOLATION OF SPEED STATUTE AS NEGLIGENCE PER SE.

Exceeding the speed limits prescribed by *Rev. Code* 1915, § 246, for motor vehicles on highways constitutes negligence per se.

7.  HIGHWAYS—EXCEEDING STATUTORY SPEED MUST PROXIMATELY CAUSE INJURY.

A defendant is not liable for violating *Rev. Code* 1915, § 246, prescribing speed limits for motor vehicles on highways, unless the violation of the statute caused the accident of which plaintiff complains.

8.  HIGHWAYS—COLLISION BETWEEN MOTOR VEHICLES DOES NOT CREATE PRESUMPTION OF NEGLIGENCE.

The fact that a motorcyclist was killed in a collision with an automobile on a public highway does not create a presumption of negligence either on the part of the deceased or defendant automobile driver.

9.  HIGHWAYS—CONTRIBUTORY NEGLIGENCE BARS RECOVERY.

If deceased motorcyclist was negligent in colliding with an automobile, no recovery could be had for his death, even if defendant automobile driver was also negligent.

10.  HIGHWAYS—NO RECOVERY FOR "UNAVOIDABLE ACCIDENT."

No recovery can be had for death caused in a collision between motor vehicles if the collision was an "unavoidable accident" or one which could not be prevented by the exercise of ordinary care and prudence.

11.  EVIDENCE—MATTERS CONSIDERED IN DETERMINING WEIGHT.

In weighing testimony the jury may consider the appearance and manner of witnesses, their apparent fairness or bias, their intelligence and opportunities for observing, and other elements which may fairly test their truthfulness and accuracy.

12.  DEATH—DAMAGES FOR DEATH OF HUSBAND.

A wife may recover for her husband's negligent killing such damages as will reasonably compensate her for all damages which she has sustained, or may sustain, based upon deceased's probable length of life, and governed by the portion of his income that plaintiff would have probably received if he had lived.

(*December* 8, 1919.)

BOYCE and RICE, J. J., sitting.
*W. W. Knowles* for the plaintiff.

*Robert H. Richards* and *Aaron Finger* for the defendant.
Superior Court, New Castle County, November Term, 1919.

SUMMONS CASE, No. 46, March Term, 1919.

Action by Sadie G. Lemmon against Luke H. Broadwater to recover damages for the death of her husband, Walter J. Lemmon. Verdict for the plaintiff.

The facts sufficiently appear in the charge of the court.

RICE, J., charging the jury:

This action was brought by Sadie G. Lemmon, the plaintiff, against Luke H. Broadwater, the defendant, to recover damages for the death of Walter J. Lemmon, her husband, alleged to have been occasioned by the negligent operation of defendant's automobile on a public highway in this county.

The plaintiff claims that the defendant on the nineteenth day of August was running his automobile in a southerly direction on a part of the State Road, leading from Summit Bridge to Mt. Pleasant, a public highway in this county, and in attempting to pass a wagon going in the same direction ran his automobile to the left of the wagon and on the left hand side of the roads thereby colliding with the motorcycle on which Walter J. Lemmon was riding in a northerly direction. As a result of the collision between the automobile and the motorcycle, Walter J. Lemmon was injured and died from his injuries a few minutes later.

This action is based on the alleged negligence of the defendant and the particular acts with which the plaintiff charges the defendant are: (1) That the defendant negligently ran his automobile at the place of the accident, at an unlawful and dangerous rate of speed, to wit, at the rate of thirty-five miles per hour; (2) that he attempted to pass Walter J. Lemmon, the rider of the motorcycle, at a dangerous rate of speed without stopping or attempting to stop his automobile, after he saw or could have seen Lemmon approaching in an opposite direction; (3) that he attempted to pass Lemmon, without giving a warning of his approach; (4) that the defendant ran his automobile at a rapid rate of speed on the left hand side of the road; (5) that contrary to the statute

Charge.

law of the state of Delaware, the defendant ran his automobile to the left of the center of the highway.

The defendant denies that he was guilty of any of the acts of negligence as charged by the plaintiff. He denies at the time of the collision, between his automobile and the motorcycle on which Lemmon was riding, that he was in the act of passing a wagon going in the same direction. The defendant contends that at the time of the collision and immediately prior thereto he was operating his automobile at a reasonable and lawful rate of speed on the right hand side of the road, in the direction he was proceeding, and while so proceeding, Lemmon approached him on a motorcycle at an unreasonable and dangerous rate of speed, with a noticeable lack of control of the motorcycle on the part of the rider, and when the motorcycle reached a point in the road opposite the automobile, the motorcycle, either by reason of the negligence of the person operating it, or for some reason beyond the operator's control, suddenly swerved to the left and ran into the side of defendant's automobile.

It is admitted that the accident occurred in August, 1918, on the State Road, a public highway in New Castle county, leading from Summit Bridge to Mt. Pleasant, that the plaintiff's husband was operating a motorcycle at the time of the accident, that the defendant owned and operated the automobile which collided with the motorcycle, and that the plaintiff is the widow of the deceased.

It is not denied that Walter J. Lemmon died shortly after the accident as a result of injuries received in the collision.

[1, 2] The basis and gist of this action is negligence. Negligence is never presumed; it must be proved, and it is a burden on the plaintiff to affirmatively show that the defendant neglected some duty which he owed to the deceased. Negligence has often been defined by this court to be the want of ordinary care; that is, the want of such care as a reasonably prudent and careful person would exercise under similar circumstances.

[3] An operator of an automobile and a traveller on a motorcycle have equal right to lawfully use public highways, and each has the right to assume and act upon the assumption that the other will exercise ordinary care and caution according to the cir-

cumstances, and will not negligently and carelessly expose himself to danger or negligently do injury to the other.

[4]   It is the law of this state that a traveller on a public highway proceed on the right hand side of the highway and if he should meet a person travelling on the wrong side of the road, the traveller on the right side of the road has the right to assume that the other on the wrong side will do all that a reasonably prudent person, under all the circumstances, would do to avoid a collision, and if they should collide with each other, the traveller on the right side of the road would not be held responsible if he did all that a reasonably careful and prudent person would have done to prevent the accident.

[5]   It is the duty of a person operating a motor vehicle on a public highway upon meeting another vehicle to reasonably turn to the right of the center of the highway so that such vehicle may pass with safety and without interference.

[6]   We will call to your attention the following provisions of the statute law of this state: *Section 209 [246], Rev. Code 1915*, in part, provides:

"The following rates of speed may be maintained but not exceeded: * * * Upon any public street or highway where the buildings are of greater distance apart than one hundred feet, a rate of speed of one mile in two minutes and twenty-four seconds shall be permitted, but not exceeded, but this rate shall be reduced to one mile in five minutes in passing other vehicles; provided that nothing in this section shall permit any person to drive a motor vehicle at a greater rate of speed than is reasonable, having regard to the traffic, or so as to endanger the safety of any person or injure the property of any person. * * *"

It has been held in this state that a violation of the provisions of a statute amounts to negligence in law, whether any positive or active negligence be proved or not. It is what is commonly known in law as negligence *per se*.

[7]   However, the defendant would not be liable for injury resulting from such negligence, unless you are satisfied from the evidence that the violation of the statute, if any, caused the accident complained of.

If you should find from the evidence that the defendant at the time of the accident was operating his automobile in a manner

in violation of the provisions of the statute law of this state, he would be guilty of negligence *per se*, and if such negligence on the part of the defendant was the proximate cause of the collision between the automobile operated by the defendant and the motorcycle operated by Walter J. Lemmon, the deceased, the defendant would be liable.

If, on the other hand, you should find that the operator of the motorcycle was at the time of the accident operating his motorcycle in a manner in violation of the provisions of the law, he would · be guilty of negligence *per se* and if such negligence on his part was operating at the time of the accident and caused or contributed thereto, his widow, the plaintiff, would not be entitled to a recovery in this action.

[8]   One of the defenses relied upon by the defendant is that the collision was caused by the negligence of the plaintiff's deceased husband.   As we have before stated, negligence is never presumed  It must be proved to the satisfaction of the jury by the party alleging it.   There is no presumption of negligence either on the part of the deceased or on the part of the defendant, from the fact that the death of the deceased resulted from the collision between the automobile and the motorcycle.   Whether negligence exists in a particular case, and whose, is a question to be determined by the jury from the evidence.

[9]   If the accident was caused solely by the negligence of Walter J. Lemmon, there can be no recovery by the plaintiff, or, if the deceased was guilty of negligence which was operating at the time of the accident and contributed thereto, the plaintiff would not be entitled to a recovery even though the jury should believe that the defendant was also guilty of negligence, as the law will not measure the proportion of blame or negligence to attributed to either party.

[10]   Another defense urged is that the collision between the automobile and the motorcycle, resulting in the fatal injuries to Walter J. Lemmon, was an accident, without fault of either party to the collision.

An accident which could not be prevented by the exercise of ordinary care and prudence is termed an unavoidable accident,

Charge—Verdict.

and, if you should find from the evidence that the collision in question was of such a character, the plaintiff could not recover.

[11]   When the testimony is conflicting, the jury should reconcile it, if they can; if they cannot, they should give credit to the testimony of those witnesses who, under all the circumstances, appear to the jury to be most entitled to credit, and reject such testimony as they may deem unworthy of credit. In weighing testimony, the jury may consider the appearance and manner of the witnesses, their apparent fairness or bias, degree of intelligence and their opportunities for seeing and otherwise knowing the facts and circumstances surrounding the transaction concerning which they testify, and any other element which may fairly test their truthfulness and the accuracy of their testimony.

[12]   If you find for the plaintiff, it should be for such a sum of money as will reasonably compensate her for any and all damages that she has sustained, or may sustain by reason of the death of her husband, basing your verdict upon the number of years the deceased would probably have lived had he not been killed, and governed by what portion of the gross earnings or income the plaintiff would probably have received from the deceased if he had lived. Your verdict should be for that party in whose favor you find the preponderance or great weight of the testimony.

Verdict for the plaintiff.  ·