BLANCHE C. LOCKERMAN, widow, of JAMES C. LOCKERMAN, *vs.* CHARLES S. HURLOCK.

1. HIGHWAYS—STATUTE CONCERNING RATE OF SPEED PERMISSIBLE IN OPERATING MOTOR VEHICLE HELD IN EFFECT STATEMENT OF GENERAL LAW.

Act March 26, 1923 (33 *Del. Laws, c.* 10), providing that no person shall operate motor vehicle at rate of speed greater than is reasonable and proper under the circumstances, is in effect a statement of the general rule of law that driver shall use such care in operation of his motor vehicle as circumstances reasonably require, having at all times proper regard for the rights and safety of others.

2. DEATH—WIDOW'S MEASURE OF DAMAGES.

A widow's measure of damages for death of her husband is such sum as will reasonably compensate her for all damages that she has sustained or may sustain in future by reason of such death, based on number of years that deceased would probably have lived; only that portion of gross earnings or income that she would probably have received from him as his wife if he had lived being considered in estimating damages.

(*February* 11, 1924.)

PENNEWILL, C. J., and RODNEY, J., sitting.

*W. W. Knowles* for plaintiff.
*Robert G. Harman* for defendant.

Superior Court for New Castle County, January Term, 1924.

SUMMONS CASE, No. 88, September Term, 1923.

Action by Blanche C. Lockerman, widow of James C. Lockerman, against Charles S. Hurlock, the defendant, to recover damages for the death of her husband, alleged to have been caused by the negligence of the defendant.

The declaration filed by the plaintiff consisted of four counts, the first of which alleged that at the time of the accident the de-

fendant was the owner, or in control, of a certain automobile operated and run by the defendant or his agent upon the public highway between the town of Smyrna, in Kent county, and the town of Odessa, in New Castle county, in the state of Delaware, and at a point on said highway, in the county of New Castle, on or about the 19th day of May, 1923, the defendant, while operating or controlling his automobile, met James C. Lockerman, who was driving an automobile in an opposite direction from that of the defendant, and in the exercise of due care and caution on his part; and it therefore became the duty of the defendant to operate or drive his automobile in a careful and lawful manner, yet the defendant, not regarding his duty in that behalf, negligently and carelessly drove or controlled his automobile, at the place of meeting the said James C. Lockerman, at an unlawful and dangerous rate of speed, to wit, at a rate of about forty miles an hour; and by reason of said negligence and carelessness of the defendant his automobile struck with great force and violence the automobile driven by James C. Lockerman, and by reason thereof he, the said James C. Lockerman, the husband of the plaintiff, was so badly injured that he died on the day following as a result thereof.

The other counts were substantially similar to the first one, except in the specific act of negligence alleged and relied on.

The second count averred that at the point of collision the defendant negligently ran or controlled his automobile at a dangerous rate of speed, without stopping or attempting to stop his automobile after he saw or could have seen the said James C. Lockerman.

The third count averred that at the point of collision the defendant negligently drove, or caused to be driven, his automobile at a rapid rate of speed on the left side of the highway.

In the fourth count the averment as to negligence was that the defendant drove, or caused to be driven, his automobile to the left of the center of the highway at a point where he met the said Lockerman.

*Chapter* 9, 33 *Laws of Delaware*, provides that:

"Whenever a person operating a motor vehicle  *  *  *  shall meet any other vehicle  *  *  *  the operator shall reasonably turn to the right of the center of the highway so that such vehicle  *  *  *  may pass without interference."

The defendant claimed that he was not guilty of any negligence at the time of the collision, and further insisted that, even if he was, the husband of the plaintiff was also guilty of negligence that directly contributed to his death in that he had no lights on his automobile that enabled one meeting him to see it in time to avoid colliding with him.

PENNEWILL, C. J., charged the jury on the law of negligence, contributory negligence, negligence per se and unavoidable accident. He also charged the jury, in part, as follows:

[1]   The law of this state (*Chapter* 10, *vol.* 33, *Laws of Delaware*) provides that no person shall operate a motor vehicle on any of its highways recklessly or at a rate of speed greater than is reasonable and proper under the circumstances, or so as to cause a collision with the person or property of another, or so as to endanger the life or limb of another. This is, in effect, a statement of the general law, that the driver shall use such care in the operation of his motor vehicle as the circumstances reasonably require, having at all times proper regard for the rights and safety of others.  *  *  *

[2]   If you find for the plaintiff, it should be for such sum of money as will reasonably compensate her for any and all damages that she has sustained, or may hereafter sustain by reason of the death of her husband, basing your verdict upon the number of years the deceased would probably have lived had he not been so killed. In measuring damages in this case, you are not to be governed by what would probably have been the gross earnings or income of the deceased, but by what portion of the gross earnings or income the plaintiff would probably have received from the deceased, as his wife, if he had lived.