KATHERINE REYNOLDS, ADMINISTRATRIX (ESTATE OF JOSEPH P. SHERWILL), *vs.* FRANK MAISTO.

Third Judicial District, New Haven, June Term, 1931.
MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued June 2d—decided June 22d, 1931.

*Walter F. Torrance,* for the appellant (defendant).

*Michael V. Blansfield* and *John E. Whalen,* for the appellee (plaintiff).

MALTBIE, C. J. This is an action brought to recover damages from the defendant for causing the death of the plaintiff's decedent by the negligent operation of an automobile. The jury returned a verdict of $1000 for the plaintiff which the trial court on her motion set aside as inadequate. The decedent was past sixty years of age, in good health, with a life expectancy of fourteen and ten one-hundredths years. He had been regularly employed in a manufacturing plant at a wage of $30 a week and during the year preceding his death had earned nearly $1500. His injury occurred on December 31st, 1929, and he died February 5th, 1930. During the interval he was confined to a hospital and there was evidence that he endured great pain and suffering. Medical and hospital bills were incurred by reason of his injury to the amount of $150.50. His loss of wages from the time of his injury to his death was conceded to be $142.50. The plaintiff was entitled to the same recovery for these elements of damage as the decedent would have had, had he lived. *Kling* v. *Torello,* 87 Conn. 301, 305, 87 Atl. 987; *Bunnell* v. *Waterbury Hospital,* 103 Conn. 520, 529, 131 Atl. 501.

Eliminating certain duplications and questioned items, evidence was also admitted without objection of funeral and like expenses paid as a result of the death of the decedent to the amount of $426, of the cost of a monument, $250, and of provision for perpetual care of the lot where he was buried, of which only that proportion was claimed as was represented by the one grave used for his interment, $25. None of these items were properly elements of recovery. Damages under

our statute are not estimated from the standpoint of the loss caused by the death of the decedent to those who will ultimately benefit from a recovery, but they represent an increment of value coming to his estate as of the moment of his death measured by the economic loss caused by it. *Broughel* v. *Southern New England Telephone Co.,* 73 Conn. 614, 619, 48 Atl. 751; *Demonde* v. *Targett,* 97 Conn. 59, 64, 115 Atl. 470; *Davis* v. *Margolis,* 108 Conn. 645, 144 Atl. 665. Like any other property he may leave, such damages are subject to depletion by the payment of expenses incurred subsequent to his death which are properly chargeable against them. These expenses will decrease the amount which the statutory beneficiaries will receive but they cannot increase the loss to his estate by reason of his death. But, while the expenditures mentioned were not proper elements of damages, they were placed before the jury as recoverable items and, as they were not questioned in amount, the jury must be assumed to have allowed them. In determining whether the amount of the verdict was so inadequate as to require that it be set aside the trial court was justified in considering that they formed a part of it.

The items of definite expenditures claimed amounted almost exactly to the sum allowed in the verdict, leaving practically nothing as compensation for the pain and suffering of the deceased and for his death. The case differs greatly from *Ratushny* v. *Punch,* 106 Conn. 329, 138 Atl. 220, where in an action to recover damages for death by wrongful conduct we held it error for the trial court to set aside a verdict of like amount to the one before us as inadequate; there death followed only fourteen hours after the accident, during all of which time the decedent was unconscious and no evidence was offered of any special damage, so that the only basis of recovery was the economic loss due

to his death. We agree with the trial court that "it is clearly evident that the jury did not properly meet the issues and apply the law."

There is no error.

In this opinion the other judges concurred.