EFFIE M. LYNCH, Widow of Ira O. Lynch, Deceased, *v.* HAROLD J. LYNCH.

4

(*October* 12, 1937.)

LAYTON, C. J., and HARRINGTON, J., sitting.

*Tunnell and Tunnell* for plaintiff.

*Isaac D. Short* and *Frederick P. Whitney* for defendant.

Superior Court for Sussex County. Action on the Case for Negligence, No. 55, October Term, 1936.

LAYTON, C. J., charging the jury:

*Section* 4638 of the *Revised Code* of 1935, in part, provides that whenever death shall be occasioned by unlawful violence or negligence, and no suit be brought by the party injured to recover damages during his or her life, the widow or widower of any such deceased person, or, if there be no widow or widower, the personal representatives, may maintain an action for and recover damages for the death and loss thus occasioned.

The plaintiff, Effie M. Lynch, is the widow of Ira O. Lynch, deceased. Contending that her husband's death was occasioned by and through the negligence of the defendant, Harold Lynch, she has brought this action under the statute to recover damages for the death and loss thereby sustained.

The right of action given to the plaintiff here by the statute is dependent upon the right of the party injured to maintain an action for personal injuries had he not died in consequence of his injuries. It is based upon the same cause of action that the deceased would have had, had he lived, and this right of action comes to this plaintiff charged with any infirmities existing against the deceased, such as contributory negligence; that is to say, that if the husband could not have maintained his right of action by reason of his contributory negligence, so will her action be barred. See *Perry v. Philadelphia, B. & W. R. Co.,* 1 *Boyce* (24 *Del.*) 399, 77 *A.* 725; *Sobolewski v. German,* 2 *W. W. Harr.* (32 *Del.*) 540, 127 *A.* 49.

The plaintiff contends that in the morning of the fifth day of September, 1936, her husband, Ira O. Lynch, was

driving his automobile on an improved public highway of this County leading from Roxana to Selbyville and in the direction of the latter town; that he was driving his automobile on his right or proper side of the road and at a moderate rate of speed; that at or about the home of one Rogers located on the road in question, the road curves to the right to one going in the direction of Selbyville, and that when her husband had arrived at or near the Rogers home, the defendant, Harold Lynch, who was driving on the same road in the direction of Roxana, drove his car into and upon her husband's car, and as a result of the collision her husband suffered injuries from which he died on September 11, of the same year.

The plaintiff contends that the defendant was driving his car negligently, and in her declaration she has alleged negligence on the defendant's part in several particulars: First, she alleges that the defendant was operating his car at an excessive, dangerous and unlawful rate of speed considering the traffic and conditions of the highway and the surrounding circumstances; secondly, she alleges, in several counts and by various forms of expression, that the defendant did drive his car suddenly to the left across the highway and in front of the deceased, and in such manner that the deceased was unable to stop his car and avoid a collision. There are other counts or charges of negligence in the declaration, but as there is no evidence introduced in support of them, they need not be mentioned.

The negligences complained of, therefore, are based upon the excessive speed at which the defendant's car is alleged to have been driven, and his negligent failure to operate and drive his car on his right or proper side of the highway.

The first charge of negligence is based upon *Section* 83 of the Automobile Code, *Rev. Code* 1935, § 5621. This section in part provides that no person shall operate a

motor vehicle upon any public street or highway recklessly or at a rate of speed greater than is reasonable and proper having regard to the width, traffic and use of the highway, the intersection of streets or highways and the weather conditions, the weight of the vehicle and the condition of the brakes, or so as to have caused a collison with the person or property of another. This is, in effect, a statement of the general law applicable to users of highways, that the driver of a motor vehicle on a public highway shall use such care in its operation as the circumstances reasonably require having a proper regard for the rights and safety of other persons.

There is no evidence before you of other traffic on the highway in any wise affecting the collision; and the sole circumstance which you are to consider under this count or charge of negligence, is whether the defendant drove his car at an excessive and dangerous rate of speed considering character and the curvature of the road and his ability to see ahead.

The second count is based upon *Sections* 88 and 90 of the Automobile Code, *Rev. Code* 1935, §§ 5626, 5628, the first of which, in part, provides that upon all highways of sufficient width the driver of a vehicle shall drive the same on the right half of the highway, and the second, in part, provides that drivers of vehicles proceeding in opposite directions shall pass each other to the right, each giving to the other at least one-half of the main travelled portion of the roadway as nearly as possible.

These statutory provisions are simply declaratory of the general law of the road. The general duty to drive on the right side of the road and to pass an oncoming vehicle to the right has always been the law of this State.

These, Gentlemen, are, shortly stated, the contentions of the plaintiff.

On the other hand, the defendant contends that on the morning in question he was driving in his automobile on the same road but in the opposite direction, that is, in the direction of Roxana and at a speed of from forty to forty-five miles per hour; that at or very near the Rogers home there is a curve in the road which prevented him from seeing very far in front; that when he saw the car of the deceased, it was not far from him and was being driven, not on its right or proper side of the road, but even more than left of the center of the road, that is, somewhat on his side of the road, and that it appeared to him to be about to enter a dirt road leading from the south side of the main road on which he and the deceased were travelling; that the deceased at the moment he saw him was looking in the direction of the adjoining field; that in the effort to avoid an impending collision he turned his car to the left as the best means, and as he did so the deceased turned his car to the right, whereupon the cars collided.

He contends, first, that even if he were negligent in the circumstances, the deceased was contributorily negligent and cannot recover; second, that even if he did turn his car to the left in an attempt to pass the oncoming car, he did not violate the statute which requires drivers of vehicles to pass oncoming vehicles to the right because of the sudden emergency with which he was confronted.

■ In stating to you the contentions of the respective parties, you must keep in mind that the Court states them as contentions or claims only. The truth of the matter is for your sole determination under the evidence as you have heard it and under the law as the Court will pronounce it.

■■ This action is based upon negligence, and it is necessary that you understand what in law is meant by that term. Negligence generally is the want of ordinary care, that is, the want of such care as a reasonably prudent and careful person would exercise in similar circumstances.

Negligence involves the violation of a legal duty which one owes to another with respect to care for the safety of the person or property of that other. There must, as you see, be a duty to the plaintiff, or, in this case, to the deceased, and a violation of that duty proximately resulting in injury; and whether one has violated a duty or is guilty of negligence in a given case depends upon whether the person charged has conducted himself as a reasonably prudent person would in similar circumstances. The standard to which one is held is found, then, in the conduct of a reasonably prudent person. That standard is the jury's guide. If the conduct of a defendant in given circumstances does not measure up to that which, in the opinion of the jury, is the conduct of an ordinarily prudent and careful person in like circumstances, such defendant may be said to have been negligent. If, on the other hand, his conduct does measure up to the conduct of an ordinarily prudent and careful person, he may not be said to have been negligent. Negligence, then, is relative and comparative, and dependent on the circumstances, and its existence is to be determined from the facts and circumstances of each case.

Where one violates the provisions of a statute enacted for the safety of others, he is guilty of negligence in law or negligence *per se;* but whether the negligence is of the ordinary kind or is negligence *per se* arising out of the violation of law, to be actionable, it must have been the proximate or efficient cause of the injury and damage and the burden always rests upon a plaintiff seeking damages for an alleged negligent injury to prove that the defendant was guilty of negligence and that that negligence was the proximate cause of the injury and damage, for negligence is never presumed; it must be proved; and no presumption of negligence either on the part of the deceased or on the part of the defendant arises from the mere fact that there was a collision between their automobiles.

■ There are many definitions of proximate cause. It may be said to be the efficient cause, or that cause which in a natural and continuous sequence, unbroken by any efficient intervening cause, produces an injury and without which the injury would not have occurred.

■ Again, a plaintiff seeking damages alleged to have resulted from negligence on the part of the defendant may not recover if the plaintiff was guilty of contributory negligence; and so here, the plaintiff may not recover damages, if the deceased, her husband, was contributorily negligent at the time of the collision between the two automobiles.

■ Ordinarily in a case such as this the term negligence refers to some act or omission on the part of the defendant, and the term contributory negligence refers to some act or omission on the part of the plaintiff. But negligence is negligence whether committed by a plaintiff or a defendant, and when it is said that a plaintiff cannot recover damages against a negligent defendant if he himself has been guilty of contributory negligence, it is meant that such recovery may not be had if the plaintiff's negligence at the time of the injury entered into and contributed thereto; for where there are mutual negligences, that is, negligence on the part of the defendant and negligence on the part of the injured person, and the negligence of each is operating at the time of the accident, no action can be maintained for injury resulting therefrom.

■ With respect to the first count or charge of negligence which is based upon excessive and dangerous speed in the surrounding circumstances you will consider all of the evidence in the case, the speed at which the defendant was driving his car, the character of the road and its curvature and the distance at which he could see ahead and having in mind the burden cast upon the plaintiff to

establish her case by a preponderance of the evidence, if you shall be satisfied that the defendant was not, in the circumstances shown driving his car at a rate of speed greater that was reasonable and proper, the plaintiff would not be entitled to recover upon that count. What is a reasonable and proper rate of speed is dependent upon the attending circumstances, and you can readily see that what would be a reasonable speed at one place might be an unreasonable speed at another.

On the other hand, if you shall be satisfied by a preponderance of the evidence that the defendant was, in the surrounding circumstances, considering the character and curvature of the road and his ability to see, driving his car at a speed greater than was reasonable and proper, you would be justified in finding him driving negligently, and if you shall so find and find further that the defendant's negligence proximately caused the collision and resulting injury, then a case of actionable negligence has been made out and the plaintiff would be entitled to a verdict, provided that the deceased was not contributorily negligent.

Now, as to the second count or charge of negligence as has been said the basis of this charge of negligence is the alleged failure of the defendant to drive his car on his right or proper side of the highway and to pass the oncoming car of the deceased to the right. If you shall be satisfied by a preponderance of the testimony that the defendant drove on the left or wrong side of the highway, or attempted to pass the oncoming car of the deceased to the left, in such case the defendant would have been guilty of negligence *per se,* and the plaintiff here would be entitled to recover if such negligence proximately caused the collision and resulting injury and death, provided that the deceased himself was not at the time guilty of contributory negligence.

But what has been said respecting this allegation of

negligence and cause of action is subject to a qualification which you must carefully keep in mind.

It is the contention of the defendant that the highway in question was a crowned road improved to the width of about fourteen feet; that he was driving at a lawful rate of speed and when he rounded the curve and saw the oncoming car of the deceased that car was being driven not on its right or proper side of the road, but in the middle thereof; that there was a dirt road at or about the point leading off the main road to the defendant's right, and that the deceased appeared to be about to turn to his left to enter the dirt road; that not being able to stop his car owing to the speed of the respective vehicles and not being able to pass the oncoming car to the right in the circumstances, he drove his car to the left as the best way of avoiding a collision. The defendant contends that he was confronted with a sudden emergency brought about by the manner in which the deceased's car was being driven, and that his act of turning to the left was not negligence or a violation of the statute.

The law is that one who finds himself suddenly in a position of danger and is required to act without time to consider the best means that may be adopted to avoid the impending danger is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to have been a better method unless the emergency in which he finds himself is brought about by his own negligence.

With respect to this contention, if you shall be satisfied from the evidence that the defendant was driving his automobile as, in the circumstances, a reasonably prudent and careful person would drive, and upon seeing the oncoming car of the deceased, considering the character of the road and the position of the deceased's car thereon, and the respective speed of the cars, he, in turning his car to the left, acted as an ordinarily prudent and careful person

would act in like circumstances, then the defendant would not be guilty of violating the statute in question and would not be guilty of negligence and the plaintiff would not be entitled to recover, on that count. See *Huddy Ency. Auto Law, Vol.* 3-4, 54, 55.

■ Again, the defendant contends generally that the deceased was guilty of contributory negligence. Contributory negligence has been explained to you and you have been told that the plaintiff here cannot recover if the deceased, her husband, at the time of the accident was himself guilty of negligence that entered into and contributed to the injury, that is, operated so as to bring about or help bring about the accident. The reason for this rule is that the law will not attempt to measure the respective negligences.

■ In this connection this is to be said: Every driver of a motor vehicle on a public highway is held in law to anticipate the presence of other vehicles thereon, and to act at all times so as to avoid collision with them. This principle applies, in the case before you, as well as to the deceased, as to the defendant; but neither was bound to anticipate that the other would act negligently or in violation of law. The deceased was not bound to anticipate that the defendant would drive at an unreasonable speed considering the surrounding circumstances, if such be the case, nor was the defendant bound to anticipate that the deceased would drive on the wrong side of the highway, if such be the case.

So, in considering the contention that the deceased was guilty of contributory negligence, you must consider all the facts and circumstances as disclosed by the evidence.

(The Court here charged on the law relating to the conflict and preponderance of the evidence.)

■ If you find for the plaintiff, your verdict should be for such sum of money as will reasonably compensate her for any and all damages which she has sustained or may hereafter sustain by reason of the death of

her husband basing your verdict upon the number of years the deceased would probably have lived had he not been killed. In estimating and measuring the damages you should not be governed by what would probably have been the gross earnings or income of the deceased, but what portion of the gross earnings or income the plaintiff would probably have received from the deceased, as his wife, if he had lived. You are not to consider the plaintiff's loss of society, or as it is in law called, the *consortium* of her husband; and you should be governed by the husband's occupation and ability to earn as disclosed by the evidence.