JOHN PEARCE CANN, Administrator of the Estate of Stephen Robert Gula, deceased, Plaintiff, v. MANN CONSTRUCTION COMPANY, a corporation of the State of Delaware, Defendant.

(*December* 23, 1952.)

HERRMANN, J., sitting.

*David S. Keil* (of Keil and Keil) and *Abraham Hoffman* for plaintiff.

*William Prickett* for defendant.

Superior Court for New Castle County, No. 713, Civil Action, 1952.

HERRMANN, J.:

This is an administrator's action for the wrongful death of Stephen Robert Gula, age 7 years.

Count 1 of the complaint alleges, in substance, that the defendant was constructing apartment houses on a tract of land near a residential area; that the walls were erected and rough flooring was in place but the structures lacked stairways, doors and windows and were otherwise incomplete; that water had accumulated in the basements of some of the buildings and the defendant knew it; that children of the neighborhood were in the habit of playing in and about the partially completed buildings and were encouraged to do so by the construction work; that the deceased child, while playing in one of the buildings, fell through an unprotected opening in the rough flooring of the first floor and drowned in the water in the basement. The count concludes with the allegation that the plaintiff administrator incurred expenses for burial of the child in the sum of $1,309.50.

The defendant contends that the count should be dismissed because it does not comply with Rule 9(b) which requires that the circumstances constituting negligence must be stated with particularity. The plaintiff asserts, on the other hand, that the count adequately states the particulars of the defendant's negligence under the attractive nuisance doctrine.

■ There are two sets of circumstances which are essential to a particularized statement of negligence under the attractive nuisance doctrine. The first is that the defendant knew or should have known that the structure or instrumentality was alluring to children and endangered them. The second is that, with such knowledge and in some specified way, the defendant failed to exercise reasonable care to protect from injury the child who yielded to the attraction. 38 *Am. Jur.* *"Negligence"* §§ 145, 147. Since the count lacks the statement of these circumstances, it fails to comply with Rule 9(b). The motion to dismiss the count will be granted with leave to amend.

The defendant moves to strike the administrator's allegations regarding funeral expense on the ground that such expense does not constitute a proper element of damages in a case of this kind.

■ Under our Death Statute,[1] an administrator's action for wrongful death is an action on behalf of the estate of the deceased to recover the pecuniary loss to the estate; and no distinction is made between infants and unmarried adults as to either the right of action or the measure of damages. The right of action for the death of an infant is vested in an administrator and not in the parents of the child. The measure of damages, applicable in cases involving the death of either an infant or

---

[1]The Death Statute of this State, being *Code* 1935, § 4638, provides as follows:

"Whenever death shall be occasioned by unlawful violence or negligence, and no suit be brought by the party injured to recover damages during his or her life, the widow or widower of any such deceased person, or, if there be no widow or widower, the personal representatives, may maintain an action for and recover damages for the death and loss thus occasioned."

an unmarried adult, is stated in *Gismondi v. Peoples Railway Company*, 2 *Boyce* 577, 83 *A.* 136, 138, as follows:

"* * * the measure of damages * * * is the sum which the jury may believe from the evidence the deceased would probably have earned during her life, and would have saved from her earnings and left as her estate, and which would have gone to her next of kin. In determining this sum, the jury should be governed by the reasonable rules governing human experience in the acquisition and retention of property under the circumstances and environments surrounding such a life as was that of the deceased. * * *"[2]

See also *Gray v. Pennsylvania Ry. Co.*, 3 *W. W. Harr.* 450, 139 *A.* 66; *Taylor v. Riggin*, 1 *Terry* 149, 7 *A.* 2d 903.

Thus, it is settled in this jurisdiction that the recovery in an action for the wrongful death of a child of tender years is the jury's estimate of the value of the estate the child probably would have earned, saved and left to his next of kin at the end of his life expectancy. This sea of pure conjecture may be otherwise described as the jury's estimate of the present money value of the child's life to the estimated prospective estate of the child. Funeral expense, as such, may not be recovered under this measure of damages. Compare *Brady v. Haw*, 187 *Iowa* 501, 174 *N. W.* 331, 7 *A. L. R.* 1306; *Florida East Coast Ry. Co. v. Hayes*, 67 *Fla.* 101, 64 *So.* 504, 7 *A. L. R.* 1310. Connecticut's Chief Justice Maltbie may well have been referring to our measure of damages when, in holding that funeral expense was not a proper item of damages in a death case, he stated in *Reynolds v. Maisto*, 1931, 113 *Conn.* 405, 155 *A.* 504:

"* * * Damages under our statute are not estimated from the standpoint of the loss caused by the death of the decedent to those who will ultimately benefit from a recovery, but they represent an increment of value coming to his

[2]The cited case involved the death of an infant two years old.

estate as of the moment of his death measured by the economic loss caused by it. * * * Like any other property he may leave, such damages are subject to depletion by the payment of expenses incurred subsequent to his death which are properly chargeable against them. These expenses will decrease the amount which the statutory beneficiaries will receive, but they cannot increase the loss to his estate by reason of his death. * * *"[3]

Long ago, but without stating a reason, this Court held that funeral expense was not a proper element of damages in an administrator's action for the death of a married woman.[4] *Wilcox v. Wilmington City Ry. Co.*, 2 *Penn.* 157, 44 *A.* 686. The plaintiff contends that the *Wilcox* case is not applicable because a husband has the common-law duty of paying funeral expenses of his wife. I find no distinction between the *Wilcox* case and the instant case because the duty of parents to pay funeral expenses of a minor child is no less than the duty of a husband to pay the funeral expenses of his wife.

It is with reluctance that I reach the conclusion which is compelled by the status of our law. In most states, including Pennsylvania from which our Statute originally was taken,[5] Death Statutes now provide for a right of action by or on behalf of the parents of a minor child whose death was caused by the wrongful act of another, including the right of recovery of funeral expenses. See 14 *A. L. R.* 2d 485, *et seq.* Our Death Statute has had no modification in this regard since its enactment almost

---

[3]The Reynolds case was criticized in 1946 in *Chase v. Fitzgerald*, 132 *Conn.* 461, 45 *A.* 2d 789, 163 *A. L. R.* 247, where the Connecticut Supreme Court of Errors pointed out the fallacies of a rule of damages such as ours.

[4]This action was brought before the Death Statute conferred upon a widower the right of action for the death of his wife.

[5]The Delaware Death Statute was adopted almost verbatim from the Pennsylvania Statute of 1851, 12 *P. S.* § 1601. See *Homiewicz v. Orlowski*, 4 *W. W. Harr.* 66, 143 *A.* 250. In 1855, 12 *P. S.* § 1602, however, Pennsylvania modified its Death Statute to confer rights of action to parents for the loss of children, *Pennsylvania R. Co. v. Zebe*, 33 *Pa.* 318, 329, and, later, funeral expenses were expressly included in the Pennsylvania Statute as an element of damages. See *Regan v. Davis*, 290 *Pa.* 167, 138 *A.* 751, 54 *A. L. R.* 1073.

a century ago. If the measure of .damages reviewed herein seems to consist of an unreasonable and impracticable mass of imponderables, and if the conclusion reached herein regarding funeral expenses seems to be unjust, it is for the Legislature to act.

The motion to strike the allegations regarding funeral expenses must be granted.