ANGELINE TURCOL and EQUITABLE SECURITY TRUST COMPANY, a Delaware corporation, Executor of Charles F. Turcol, Plaintiffs, v. THORNTON A. JENKINS and AUBRIA HOPE, trading as Hope's Surburban Garbage Collection, Defendants.

(*April* 3, 1956.)

LAYTON, J., sitting.

*William Prickett, Jr.,* for the Plaintiffs.

Superior Court for New Castle County, No. 883, Civil Action, 1955.

LAYTON, J.:

This is a suit by the widow and executor of decedent's estate for damages as the result of the decedent's death in a collision between an automobile driven by himself and a truck operated by Jenkins but owned by Hope's Suburban Garbage Collection.

Defendant, Jenkins, failed to appear and a default judgment was entered against him. This is an inquisition without a jury to determine damages.

The executor's suit involved the elements of pain and suffering and damages to decedent's car. Inasmuch as the decedent died instantly as a result of the collision, it is conceded that pain and suffering do not constitute items of recoverable damages. I find the difference in value of decedent's car immediately before and immediately following the accident to be $2,350.

As to the suit by the widow, the applicable statute is 10 *Del. C.* § 3704(b) which reads:

"Whenever death is occasioned by unlawful violence or negligence, and no suit is brought by the party injured to recover damages during his or her life, the widow or widower of any such deceased person, or, if there is no widow or widower, the personal representatives, may maintain an action for and. recover damages for the death and loss thus occasioned."

I have examined a number of our decisions bearing upon the rule for the ascertainment of damages under this section of the Code.[1] In each case collected in the footnote, the rule as to the measure of damages is to be found in the charge to the jury. The rule has been the subject of frequent criticism, for instance, see *Cann v. Mann Construction Co.*, 8 *Terry* 504, 93 *A*. 2d 741, but persists in our law.

The language of the charges contained in these decisions is quite general in character, and as may be expected, differs somewhat. It may be summarized as follows. The widow is presently entitled to receive a sum which (invested) would equal the amount she would have received from her husband had he lived to his full expectancy. Or, stated otherwise, she should receive an award which would permit her to enjoy the same economic position she would have been in had her husband not been killed.

■ Deceased, at the time of his death, had been employed for a number of years by the Huber Baking Co., and received a salary of $5,000 annually. The widow's uncontradicted testimony was that she received from him $3,000 a year. The uncontradicted testimony of an actuary fixes $229.02 as the correct sum by which any present monthly dollar would have to be multiplied in order to determine the amount which the widow is presently entitled to receive based on the expectancy tables and a rate of interest of $3\frac{1}{4}$ per cent. This computation ($229.02) takes into account the present worth or present value of the damages in the light of the charge of this Court in *Purnell v. Howarth et al.*, No. 292 September Term 1947, New Castle County, in which it was said:

---

[1]*Parvis v. Philadelphia, W. & B. R. Co.*, 8 *Houst.* 436, 17 *A*. 702; *Williams v. Walton & Whann Co.*, 9 *Houst.* 322, 32 *A*. 726; *Cox v. Wilmington City Ry. Co.* 4, *Penn.* 162, 53 *A*. 569; *Reed v. Queen Anne's R. Co.*, 4 *Penn.* 413, 57 *A*. 529; *Wood v. Philadelphia, B. & W. R. Co.*, 1 *Boyce* 336, 76 *A*. 613; *Gatta v. Philadelphia, B. & W. R. Co.*, 2 *Boyce* 551, 83 *A*. 788; *Fulmele v. Forrest*, 4 *Boyce* 155, 86 *A*. 733; *Lemmon v. Broadwater*, 7 *Boyce* 472, 108 *A*. 273; *Lockerman v. Hurlock*, 2 *W. W. Harr.* 479, 125 *A*. 482, 483; *Lynch v. Lynch*, 9 *W. W. Harr.* 1, 195 *A*. 799, 804.

"And if your verdict is for the plaintiff, then it is your duty to compute the amount of damage at the present value or present worth, that is, in such sum which, if paid on the date of the verdict, would be a just cash equivalent of the sum total of such lost future contributions which the plaintiff would have received. The present worth should be calculated by discounting the future contributions which you find the plaintiff would have received each year during her husband's life expectancy by a fixed percentage each year. It is for you alone to determine what rate of interest you should adopt to discount to their present value those future payments which you find the plaintiff would have received."

While this case was unreported, this Court has, since that time upon request, charged juries in death actions to compute damages at the present worth or present value. Compare *Chesapeake & Ohio R. Co. v. Kelly*, 241 *U. S.* 485, 36 *S. Ct.* 630, 60 *L. Ed.* 1117; *Vescio v. Penna. Electric Co.*, 336 *Pa.* 502, 9 *A.* 2d 546.

Accordingly, the following formula may be applied in this case:

$60 per week × 4½ (weeks in the month) × $229.02.

It is also urged that in determining the damages, I should take into account whether, had decedent lived, he would have increased the amount which he would have been able to give his wife. In this connection, plaintiff's counsel points to the fact that decedent was only 40 years old, in good health and was a respectable married man with the strong likelihood of future advancement. Quotations from the cases afford ample authority for the proposition that a jury is charged to consider the damages prospectively. *Parvis v. Philadelphia, W. & B. R. Co.*, 8 *Houst.* 436, 17 *A.* 702; *Lockerman v. Hurlock*, 2 *W. W. Harr.* 479, 125 *A.* 482, 483. But, at the very least, I should think that, in order to justify the contention that deceased would probably have received future salary raises, some representative of his employer would have appeared to give testimony on this point.

This did not happen. Accordingly, I decline to speculate on the meager evidence here presented that deceased might have received future raises and the extent thereof.

Applying the formula[2] hitherto set out, we arrived at a sum of $61,835.40, to which should be added the sum of $2,350 representing damages to the car.

Let judgment be entered in the sum of $64,185.40.

---

[2]The use of this formula does not indicate that other acceptable methods of computing damages do not exist.