HENRY KWIATKOWSKI, as Administrator of the Estate of Stanley J. Fowler, and as Administrator of the Estate of Laura Lee Fowler, deceased, Plaintiff, v. SHELLHORN & HILL, INC., a corporation of the State of Delaware, and JAMES EVANS, Defendants.

(*June* 4, 1964.)

CHRISTIE, J., sitting.

*Bruce M. Stargatt* and *Stuart B. Young* (of Morford,

Young and Conaway) for plaintiff.

*John Biggs, III,* (of Bader and Biggs) for defendants.

Superior Court for New Castle County, No. 574, Civil Action, 1961.

CHRISTIE, Judge.

On December 10, 1960, defendant, James Evans, was operating a fuel oil tank truck on Foulk Road in Wilmington in the course of his duties as an employee of defendant, Shellhorn & Hill, Inc. Traveling at a speed of 35 to 40 miles per hour, the front wheels of the truck left the edge of the road and became lodged in a small rut between the road and the shoulder. As defendant attempted to extricate the truck from this position, the rear wheels left the road also and at approximately the same time the front wheels came out of the rut, the truck veered out of control into the path of on-coming traffic and struck the car operated by Stanley Fowler, in which his wife, Laura, was a passenger. Both Stanley and his wife were killed. Laura died about 40 minutes after the collision and Stanley died some 2½ hours later.

Plaintiffs brings this action in his dual capacity as Administrator of the Estate of Stanley Fowler and as Administrator of the Estate of Laura Fowler. Among the causes of action asserted are:

1) Plaintiff, as Administrator of the Estate of Stanley J. Fowler, seeks a judgment for his pain and suffering, medical expenses and property damages as well

as damages for his death and the loss thus occasioned.

2) Plaintiff, as Administrator of the Estate of Laura Lee Fowler, seeks damages for her injuries as well as damages for her death and the loss thus occasioned.

Defendants have moved to dismiss the cause of action asserted by the plaintiff as Administrator of the Estate of Laura Lee Fowler for her death and the loss thus occasioned. The basis of the motion is the contention that, under the Delaware statute, 10 *Del. Code* § 3704, an action based on wrongful death must be brought by the surviving spouse or the surviving spouse's estate if there is a spouse who survives the decedent. Defendant thus contends that if a spouse survives but dies before bringing a suit, then such suit should be brought by the estate of the surviving spouse and not by the estate of the original decedent.

The statute in question reads as follows:

"Whenever death is occasioned by unlawful violence or negligence, and no suit is brought by the party injured to recover damages during his or her life, the widow or widower of any such deceased person, or, if there is no widow or widower, the personal representatives, may maintain an action for and recover damages for the death and loss thus occasioned." (10 *Del. Code* § 3704(b)).

Another statute provides that all causes of action except actions for defamation, malicious persecution, or upon penal statutes, shall survive to the executors or administrators of the person to whom the cause of action accrued. 10 *Del. Code* § 3701. The Court must decide whether the wrongful death action vested or accrued to Stanley J. Fowler during the one hour and fifty minutes he survived his wife.

The plaintiff in the case is listed in the caption and in the first paragraph of each cause of action as being the administrator of both of the estates. Plaintiff demands judgment as administrator of both of the estates. However, in the death action based on the death of Laura Lee Fowler the plaintiff makes the averments of negligence as Administrator of the Estate of Laura Lee Fowler only.

Plaintiff contends alternatively that if suit should have been brought by him as the Administrator of Stanley Fowler's Estate rather than as Administrator of Laura Lee Fowler's Estate, he should be permitted to necessary allegations in his capacity as such amend his complaint so as to make the administrator.

Defendants point out that the statute of limitations has run and contend that such amendment would be improper, citing *Food Fair Stores Corporation v. Vari*, Del., 191 A.2d 257 (1963).

Here, plaintiff is already before the Court in this very case in his dual capacity. Most of the allegations in this cause of action are made in his dual capacity and judgment is demanded in his dual capacity. Furthermore, a change in the capacity in which a party sues is often recognized as proper grounds for an amendment even after the statute of limitations has run. See *Tillinghast v. Maggs*, 82 R.I. 478, 111 A.2d 713, 52 A.L.R.2d 1004 (1955); Dicta in *Aarhus Oliefabrik v. A. O. Smith Corporation*, 22 F.R.D. 33, 36 (D.C.E.D.Wisconsin 1958); cases collected in 8 A.L.R.2d 6, 76.

I am of the opinion that this case is distinguishable from the Food Fair case and that the rule laid down in that case as to substitution of parties finds no application here. Permission to amend the complaint would be granted if defendants' argument as to the proper party

plaintiff were found to be sound.

■ However, as I view the law, the estate of the one alleged to have been killed by negligence is the proper party plaintiff if no widow or widower is living at the time the suit for wrongful death is filed.

Defendants ask the Court to hold that the right to sue for wrongful death vests in a surviving spouse as soon as the death takes place and remains with him or his estate even if such surviving spouse dies before suit is filed. Plaintiff, on the other hand, says that the surviving spouse's right to sue is wiped out when the surviving spouse dies and that with such death "there is no widow or widower" within the meaning of the statute and the personal representative of the one wrongfully killed is the proper party plaintiff.

Although in this case I have indicated that an amendment would be allowed if defendants' contention as to the proper party plaintiff is found to be correct, it is important that the issue be resolved. The capacity in which plaintiff brings suit may have some bearing on the damages and on the distribution of the proceeds of the judgment if a judgment is obtained.

The issue of whether the proper party plaintiff as designated by the statute is determined as of the time of the wrongful death or as of the time of bringing the action based on the wrongful death has not been resolved in Delaware. The cases in other jurisdictions are decided under differing statutes but they indicate a sharp difference of opinion on the point.

In the case of *Miller v. Pa. R. R. Co.*, 256 Pa. 142, 100 A. 654 (1917), cited by plaintiff, it is held that the party having the right of action is to be determined at the time suit is brought. There the Court said:

"It is conceded that, had she pre-deceased her husband, the children would have been the proper parties plaintiff. No logical reason appears why the mere circumstances of her having survived her husband and died without bringing suit should make a difference so far as the right of plaintiff to sue is concerned."

Our statute is modeled after the Pennsylvania statute. Although the Pennsylvania statute includes additional language not included in our statute specifying those entitled to recover damages in a death action, the principle laid down in Pennsylvania is applicable to the case at bar.

The Supreme Court of Ohio in *Garrard v. Mahoning Valley R. R. Co.*, 100 Ohio 212, 126 N.E. 53 (1919) also has held that the beneficiary of a suit under the wrongful death statute should be determined at the time suit is brought. There, husband and wife were killed in a common disaster, the wife dying two hours after the husband. The Ohio death statute provides for a right of action in the personal representative for the benefit of the surviving spouse or for other enumerated close kin. It was held that the fact of the wife's two hour survival did not vest a right in her to the exclusion of others, but that the right was for the benefit of the first member of the statutory class still living when the suit was brought. See also *Wells-Dickey Trust Co. v. Chicago, B. & O. Ry. Co.*, 159 Minn. 417, 199 N.W. 101 (1924).

The opposite view has been taken in *White v. Atchison, Topeka and Santa Fe Ry. Co.*, 125 Kan. 537, 265 P. 73, 59 A.L.R. 749 (1928). There the husband and wife died in a common disaster and the wife survived her husband for two hours. The Kansas statute gives the representative of the deceased a right of action for the benefit of the surviving spouse and children or next of

kin. It was held that the wife's survival vested a property right in her which inured to her exclusive benefit, even though not reduced to money in her lifetime.

In *Betz v. Kansas City Southern Ry. Co.*, 314 Mo. 390, 284 S.W. 455 (1926) the husband survived for a short time after his wife's death. The Missouri statute sets out a preferred order of beneficiaries entitled to bring suit, the last of whom is the personal representative of the deceased. It was held that this statute conferred no right on the representative in the case where the husband survived even though not long enough to bring suit.

In *Cibulla v. Pennsylvania-Reading Seashore Lines*, 50 A.2d 461, 25 N.J.Misc. 98 (N. J. Common Pleas 1946), the widow survived, as did the mother of the deceased. The New Jersey statute provides for recovery by the personal representative and distribution of the proceeds according to the law of intestate distribution. In refusing to permit the mother to be joined as a plaintiff, the Court stated:

"The rights of the persons who would be entitled to sue and recover are fixed and determined as of the date of the death of the deceased. This class can neither be enlarged, nor can any member of the class be excluded from participation by reason of his own death subsequent to that of the person for whose death action is brought."

I find the cases which take into account the status quo as of the filing of the suit to be more persuasive than those which emphasize the rights of a surviving spouse who himself died before bringing suit. It seems to me that the estate of the person wrongfully killed is the logical entity to institute litigation arising from the death if, at the time suit is brought, the only alternative plaintiff is the estate of the surviving spouse of the one wrongfully

killed.

The key to a proper interpretation of the Delaware statutes must be found in the wording of the statutes, their purposes and the Delaware cases dealing with the measure of damages under such statutes.

■ An obvious purpose of the Delaware statute is to permit a surviving widow or widower to recover for the wrongful death of the spouse. Where the spouse sues, the damages are the monetary benefits the survivor would have received from the deceased but for the wrongful death. *Lockerman v. Hurlock,* 2 W,W.Harr. 479, 125 A. 482 (Superior Ct 1924).

Under Delaware cases if a spouse does not survive and a wrongful death action is brought by the decedent's estate, the damages are not measured by the benefits a spouse would have received but rather by the value of the estate which the deceased would have earned, saved and left to his next of kin at the end of his life expectancy. *Cann v. Mann Const. Co.,* 8 Terry 504, 93 A.2d 741 (Superior Ct. 1953).

If a death action may be brought by the estate of a spouse who survived the decedent but died within hours from a common disaster, the measure of damages in such case might involve an attempt to ascertain what benefits the decedent would have conferred upon the surviving (but now deceased) spouse if the spouse had continued to survive. I think the statute does not contemplate the award of damages which would be so obviously speculative and based on an assumption contrary to the actual fact.

Where death of both the deceased and the spouse result from a common disaster a varying measure of damages dependent upon the fortuitous circumstance of which

happened to die first would result in an unequitable difference in awards to heirs.

I conclude that, at least as to common disasters, the estate of a spouse who survived for a few hours and died before bringing suit has no right to sue for the wrongful death damages a surviving spouse would be entitled to were he or she living at the time the suit is brought. It follows that the estate of the deceased and not the estate of the also deceased spouse would be the proper one to bring suit under the statutes.

For the reasons stated, defendants' motion for summary judgment on the ground that Henry Kwiatkowski, as Administrator of the Estate of Laura Lee Fowler, is not the proper party to be plaintiff in the action based upon the alleged wrongful death of Laura Lee Fowler, is denied.