Phyllis E. BENNETT, Widow of John N. Bennett, III, Deceased, and Administratrix of the Estate of John N. Bennett, III, Deceased, Plaintiff Below, Appellant,

v.

William C. ANDREE et al., Defendants Below, Appellees.

Supreme Court of Delaware.

March 20, 1969.

Bruce M. Stargatt and Ben T. Castle, of Young, Conaway, Stargatt & Taylor, Wilmington, for appellant.

Roger Sanders, of Prickett, Ward, Burt & Sanders, Wilmington, for appellees.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice.

Both the plaintiff and the defendant appeal from the grant of a new trial. The action is one brought by a widow for wrongful death under 10 Del.C. § 3704. She also sued as administratrix under the Survival Statute, 10 Del.C. § 3701. The jury returned a verdict for the plaintiff who moved for a new trial on the issue of damages alone. The trial judge granted a new trial as to both liability and damages.

Plaintiff argues (1) that it was error to grant a new trial on the issue of liability as well as the issue of damages, and (2) that error was committed in instructing the jury that it could not consider plaintiff's children in awarding damages under the Wrongful Death Act.

The defendant argues (1) that it was error to grant a new trial on any issue, and (2) that it was error to permit the jury to award funeral expenses as an element of damage under the Survival Statute.

The accident in which John N. Bennett, the plaintiff's decedent, was killed occurred at the intersection of Routes 13 and 14 near Harrington. This intersection is controlled by a traffic signal. Bennett was operating an ice cream truck in a northerly direction on Route 13 when it collided with a tractor trailer driven by William C. Andree, one of the defendants, in an easterly direction on Route 14.

The testimony as to which vehicle had the green light was conflicting. The tractor trailer had almost cleared the intersection when it was struck by the ice cream truck on the right side of the trailer near the rear. Skid marks indicated that the brakes on the ice cream truck were applied some 90 feet from the intersection. Bennett was killed instantly.

The plaintiff sues in the dual capacity of widow and administratrix. She recovered a verdict of $21,800.00. Since the jury was instructed that it should include in any award of damages the sum of $1,052.00 for the funeral expenses of the deceased, we assume that it allowed the sum of $20,748.00 for the wrongful death claim of the widow. The evidence of the loss sustained by the widow was to the effect that the deceased was an efficient, honest and steady worker. His annual earnings at the time of his death were $6,000.00, which would increase periodically over his work life expectancy of 35 years. At the time of his death he was in good health.

We take up first the instruction to the jury that in awarding damages to the widow it could not take into consideration the four small children of Mr. and Mrs. Bennett.[1] The matter is of considerable importance. It is possible that under the instruction and facts in this case the jury could have considered the projected wage earnings of the deceased and divided it by six, the number of members of the family, and awarded, since the children were to be disregarded, one-sixth of the earnings figure to the widow. On the other hand, if the jury had been permitted to consider the children, it might have awarded five-sixths of the figure to the widow on the basis of her continuing obligation to raise the family. It is obvious that under the instruction given, the larger the family and the larger the obligation thrust upon a widow, the smaller would be the widow's recovery for the wrongful death of her husband.

10 Del.C. § 3704(b) permits a widow to sue for the wrongful death of

---

1. The instruction was as follows:
   "I instruct you that the suit in this case is for the loss sustained by Mrs. Bennett herself; and in considering the damages therefore, you are not to take into consideration the children. The children are not a factor in this case and are not to be considered by you; instead, you are to consider only the present value of such amounts her husband would have given to Mrs. Bennett for her own support had the accident not occurred."

her husband and to recover damages "for the death and the loss thus occasioned." Damages recoverable by a widow under this statute are measured by the pecuniary loss occasioned to her as the result of the death of her husband. Coulson v. Shirks Motor Express Corp., 9 Terry 561, 107 A.2d 922. A widow seeking damages for the wrongful death of her husband is entitled to an award which will permit her to maintain the economic position she would have been in had the husband not been killed. The portion of her husband's earnings or income she probably would have received, for her support or otherwise, is a proper element of her loss, but it is not the only element to be considered. Any other pecuniary loss she may sustain by reason of the wrongful death of her husband is a proper element of her damages under the statute. We realize that this expands the widow's measure of damages as stated in several early Superior Court jury charges, [Reed v. Queen Anne's R. Co., 4 Penne. 413, 57 A. 529; Wood v. Philadelphia B. & W. R. Co., 1 Boyce 336, 76 A. 613; Fulmele v. Forrest, 4 Boyce 155, 86 A. 733; Lemmon v. Broadwater, 7 Boyce 472, 108 A. 273; Lockerman v. Hurlock, 2 W.W.Harr. 479, 125 A. 482; Lynch v. Lynch, 9 W.W.Harr. 1, 195 A. 799,] which has been carried forward in later Superior Court cases with varying degrees of doubt as to the propriety of the rule. Compare Turcol v. Jenkins, 10 Terry 596, 122 A.2d 224; Kwiatkowski v. Shellhorn & Hill, Inc., Del., 201 A.2d 455. See, also, Cann v. Mann Construction Co., 8 Terry 504, 93 A.2d 741. Except for the consistent views expressed in Reynolds v. Willis, Del., 209 A.2d 760, this is this Court's first expression of opinion on the matter. To the extent that prior cases are inconsistent herewith, they are overruled.

■ In determining the "loss" thus occasioned to a widow, should the statute be construed to include the recovery as a part of the award of the amounts the deceased husband would have spent on his children if he had lived? We think so. Upon the death of the husband, the moral as well as the legal duty [2] to care for the children becomes the mother's. We think that the fulfillment of such responsibility by the widow would not have been the widow's but for the death of the father, and is a pecuniary loss within the meaning of the statute. She has lost and must replace the support and maintenance her husband would have provided the children had he lived. Obviously, her husband's death has imposed financial responsibilities upon her which have come about by reason of his death. To deny that she has suffered a "loss" by reason of this is to be blind to practicality.

This construction of the statute finds support in other states. See Tetherow v. St. Joseph & D. M. Ry. Co., 98 Mo. 74, 11 S.W. 310; Abbot v. McCadden, 81 Wis. 563, 51 N.W. 1079; Escambia County Electric Light & Power Co. v. Sutherland, 61 Fla. 167, 55 So. 83, and Kelly v. Ochiltree Electric Co., 140 Pa.Super. 265, 14 A.2d 351. To the same effect is Tiffany, Death by Wrongful Act (2nd Ed.), § 161.

However, defendant argues that Delaware has long followed the rule of excluding children from recovery for wrongful death of their father. Relied upon is Wood v. Philadelphia B. & W. Ry. Co., 1 Boyce 336, 76 A. 613, a suit for wrongful death in which a question from the jury was answered to the effect that it should estimate the plaintiff's losses as a widow and that her child was not a factor to be considered.

Indeed, the instruction given in the case at bar was based upon the *Wood* case, as was the instruction upon the point given at trial in Williams v. Chittick, 1 Storey 122, 139 A.2d 375, found in a footnote to Evans v. Pa. R. R. Co. (3rd Cir.), 255 F.2d 205, 70 A.L.R.2d 158. However, in the *Wood* case the widow "expressly limited her claim for damages to the loss of support which she would have received",

2. 13 Del.C. § 702.

and there is nothing in the *Williams* case to indicate that the widow sought anything beyond the loss of her own support. Furthermore, it is quite plain that in neither case was the point either briefed or argued.

Defendant also relies upon the *Evans* case in which, attempting to ascertain and apply Delaware law, the Court of Appeals (3rd Cir.) reversed the United States District Court for Delaware which had held that a widow suing under the Delaware Wrongful Death Statute may recover for the loss to herself and her children.

We think the *Wood* and *Williams* cases did not actually decide the question before us. In any event, if they are contrary to the result we have reached, we overrule them. Since the *Evans* case upon this point relied upon the *Wood* and *Williams* cases, which we have overruled, it follows that its statement of the Delaware law upon the point is erroneous. We decline, therefore, to accept it as persuasive.

■ We hold, therefore, that there was error in law in the instruction to the jury upon the subject of measure of damages. The trial judge gave a new trial because of the inadequacy of the verdict, but a new trial would in any event have been required by this error. Accordingly, we do not reach the question of whether the verdict was inadequate.

■ We next consider the instruction to the jury that if it found for the plaintiff as administratrix, it should allow as damages the funeral expenses of the deceased. This action was brought under 10 Del.C. § 3701, the Survival of Actions Statute. By reason of this statute, an administratrix has the same cause of action the deceased had prior to this death. In such an action, damages may be recovered for pain and suffering, medical expenses, and loss of earnings from the time of injury to the time of death. Coulson v. Shirks Motor Express Corp., supra. It is obvious that the deceased in his lifetime could not have recovered for his own funeral expenses and, therefore, no

cause of action for them survived under the statute to his administratrix. Radobersky v. Imperial Volunteer Fire Dept., 368 Pa. 235, 81 A.2d 865. Nor may funeral expenses be recovered under the Wrongful Death Statute. Cann v. Mann Construction Co., supra; Wilcox v. Wilmington City Railway Co., 2 Penn. 157, 44 A. 686.

It was, therefore, error to have instructed the jury to include in any award to the plaintiff an amount for funeral expenses. If this is an inequitable result, its correction is for the General Assembly; not the courts.

Finally, plaintiff argues that a new trial should have been granted on the issue of damages alone, while defendant argues that if a new trial is to be granted, it should extend to the issue of liability as well.

■ It is true that the two errors of law we have discussed relate to the issue of damages alone, but that is not dispositive of the point. Superior Court Civil Rule 59 (c), Del.C.Ann. authorizes the granting of a new trial in the discretion of the trial judge. A discretionary act of a trial judge will be reversed on appeal by this court only if an abuse of discretion is shown. Tyndall v. Tyndall, Del., 214 A.2d 124.

■ In the trial of this case, the issue of liability was hotly disputed and the evidence upon it was in direct conflict. In the opinion of the trial judge the inadequacy of the verdict was such as to create a strong suspicion that it was a compromise by the jury on the issue of liability. That may be so, but it is also possible, it seems to us, that the smallness of the verdict may have come from the error in excluding from the jury any consideration of the children as a factor. In any event, we do not find in this record any indication that the trial judge's action was capricious, arbitrary or clearly wrong. There was, therefore, no abuse of discretion in awarding a new trial on all issues.

The cause is remanded for further proceedings in the light of this opinion.